1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COUPONS, INC.,

                            Plaintiff,

        v.

DOES 1-12,

                           Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No.: C 05-2115 PVT

**ORDER GRANTING LEAVE TO CONDUCT EARLY DISCOVERY; AND DENYING MOTION FOR AN ORDER DIRECTING TIME WARNER CABLE TO DISCLOSE SUBSCRIBER INFORMATION**

On June 9, 2005, Plaintiff Coupons, Inc. ("Coupons") filed Plaintiff's Ex Parte Motion for an Order Directing Time Warner Cable to Disclose Subscriber Information.[1]  Based on the moving papers and the file herein,

IT IS HEREBY ORDERED that, to the extent Coupons seeks a preemptive order directing non-party Time Warner to disclose subscriber information without first being subpoenaed, and without notifying its subscriber, the motion is DENIED.  Coupons has not shown that this court has jurisdiction over Time Warner, since it appears Coupons has not yet served a subpoena on Time Warner.  And Coupons cites no authority which, absent valid service of a subpoena, allows a court to order a non-party to disclose information.  Nor has Coupons cited any legal authority for ordering Time Warner not to notify its subscriber once Coupons does serve it with a subpoena.  On the contrary, the authority Coupons cites expressly *requires* a cable operator to notify its subscriber if it

---

    [1]       The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

is ordered to disclose personally identifiable information. *See*, 47 U.S.C. § 551(c)(2)(B).

While the court understands Coupons' concern that notice to the subscriber might make service of process more difficult, a subscriber generally has a right to challenge a plaintiff's inquiry into his or her identity. *See, e.g., Sony Music Entertainment, Inc., et al. v. Does 1-40*, 326 F.Supp.2d 556 (2004) (denying Doe defendants' motion to quash subpoena seeking discovery of their identities where the plaintiff made a concrete prima facie showing of copyright infringement); and *Rocker Mgmt. v. John Does*, 2003 WL 22149380 (N.D.Cal. 2003) (granting Doe defendant's motion to quash subpoena seeking discovery of defendant's identity where the plaintiff had not demonstrated that the defendant had libeled the plaintiff in a Yahoo chat room).  Coupons has not cited any authority for depriving a Doe defendant of an opportunity to challenge a subpoena served on an internet service provider seeking the defendant's identifying information.

IT IS FURTHER ORDERED that, to the extent Coupons' motion seeks relief from Federal Rules of Civil Procedure 26(d) in order to conduct early discovery,[2] the motion is GRANTED for the limited purpose of allowing Coupons to propound discovery aimed at identifying the Doe Defendants.  Relief from the Rule 26(d) automatic stay on discovery is warranted to allow Coupons to propound discovery designed to obtain identifying information regarding the Doe Defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting that, where a plaintiff does not know the identities of alleged defendants before filing a complaint, the plaintiff should be allowed to conduct discovery to identify the unknown defendants).  Absent further leave of court, this relief from the automatic stay on discovery is limited to discovery seeking the Doe Defendants' names, telephone numbers, and addresses (including residential, business, mailing and/or email).

Dated: *6/15/05*

        */s/ Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2]        While Coupons did not expressly seek leave from Rule 26(d), judicial economy is best served by deeming Coupons to have now done so.  It appears from Coupon's moving papers that Coupons already served a subpoena on Deal-A-GoGo in violation of the Rule 26(d) automatic stay on discovery.  Coupons is cautioned that any future violation of the rules may well result in sanctions.